IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,249-01






EX PARTE ANTHONY WAYNE RANDLE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1017228D IN CRIMINAL DISTRICT COURT


NUMBER ONE FROM TARRANT COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft under $1500
with two prior theft convictions and sentenced to nine months in a state jail. He did not appeal his
conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
she failed to determine that one of his prior theft convictions was not valid because he was in jail on
the date it was committed, and therefore could not have committed that offense. The trial court has
concluded that Applicant has not proven his allegations, but Applicant has not been provided any
hearing at which he would have had an opportunity to prove his allegations, and nothing in this
record affirmatively refutes Applicant's allegations.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for making findings of fact. The trial
court shall either determine facts showing that Applicant's prior conviction was valid or that he had
another valid and final theft conviction, or shall provide Applicant's trial counsel with the
opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact showing that Applicant had two prior valid theft
convictions when he committed this offense, or shall make findings of fact as to whether the
performance of Applicant's trial attorney was deficient in failing to discover the defects in his prior
convictions. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: December 6, 2006

Do not publish